### Sylvester A. Gorham *v.* Felix H. Hayden.

Where no price has been fixed upon,. there can be neither a sale, nor a promise to sell. C. C. 1757, 2414, 2437, 2439.

The nullity of the principal obligation involves that of the penal clause.   C. C. 2119.

Where a party to a contract enters into a new agreement, by which the execution of the first is rendered impossible, the other party will be absolved from any penalty, for failing to comply with its provisions.

To entitle a purchaser to rescind a contract of sale, or to recover damages against his vendor, for failing to comply with its terms, the latter must be put in default, in the manner directed by law.   C. C. 1906, 1907, 1908, 1925, 1927.   A party is put in default by the terms of his contract, only when it specially provides that he should be deemed to be in default, by the mere act of his failure.   C. C. 1905.

An appellee will not be allowed damages for the appeal, as a frivolous one, where he has availed himself of it to ask for an amendment of the judgment of the lower court

An order of seizure and sale, having been issued against two joint purchasers of a tract of land, for the amounts then respectively due by them, one of the vendees alone applied for an injunction, praying for a rescission of the sale, &c, An injunction was issued, arresting the proceedings as to both vendees.   The injunction being subsequently dissolved :   *Held,* that damages under the act of 25th March, 1831, § 3, could be allowed only on the amount due by the vendee, who had enjoined the proceedings ; and that the act of 1831, being one of great severity, should be strictly construed.

Appeal from the District Court of Iberville, *Deblieux,* J.

*Edwards,* for the appellant.

*Labauve,* for the defendant.

Morphy, J.   The petition represents, that on the 21st of August, 1841, the defendant, Felix H. Hayden, agreed to sell to the plaintiff a tract of land, in the parish of Iberville, for a valuable consideration, and bound himself, at the same time, in a penal bond, in the sum of one thousand dollars, to make to the plaintiff a good and valid title to the tract, on or before the first of January, 1842, and more particularly to obtain the renunciation and relinquishment of all her rights from his wife, Domitilde Hayden : and in the event that the title to the land was not made, and the renunciation not obtained by the first of January, 1842, Hayden was to forfeit and pay to the plaintiff the sum of one thousand dollars.   It is alleged that this bond, or obligation, was deposited with F. Dugué, Parish Judge of the parish of Jefferson, who lost,

or mislaid it ; that on the 23d of December, 1841, Hayden passed a public act of sale of the said land to the plaintiff and James J. Neilson, selling to each one undivided half, for the sum of five thousand dollars ; that for the payment of one-half of the purchase money, plaintiff furnished his five promissory notes, the first for $550, payable in March, 1842 ; the second for a like sum, payable in March, 1843 ; the third for a like sum, payable in March, 1844 ; the fourth for a like sum, payable in March, 1845 ; and the fifth for the sum of $300, payable in March, 1846 ; that the act of sale, though signed by the plaintiff and Hayden, was not completed and closed by the signatures of the witnesses and the Parish Judge of Jefferson, as it purports upon its face, on the 23d day of December, 1841 ; but that it was left open, unfinished, and incomplete, for the purpose of obtaining the signature andrenunciation of Domitilde Hayden, which Hayden had promised and obligated himself to procure on the next day, to wit, the 24th of December, 1841, but which he failed and neglected to do until about the first of April, 1842, after the plaintiff's first note had become due ; thus leaving the act incomplete, and the plaintiff without any title until that time, when the act was signed by the wife, and closed in due form.   The petition avers, that the neglect of Hayden to complete plaintiff's title to the land, has caused a forfeiture of his penal bond or obligation, and rendered him liable to pay to the plaintiff its amount, to wit, one thousand dollars ; that the plaintiff had purchased the land, in the hope of selling the same at a profit ; that about the first of February, 1842, the plaintiff, and the said Neilson, were offered the sum of $6000 for the land, by one John N. Thomas, a responsible man, which offer was accepted by them ; that they could not sell the land, having no legal title to the same, in consequence of Hayden's neglect to comply with his agreement, whereby the plaintiff suffered damage to the amount of $500 ; and that Hayden, having failed to complete the act of sale by the first of January, 1842, has annulled and cancelled the contract, so far as the plaintiff is concerned or interested therein.   The petition further represents, that Hayden has sued out an order of seizure and sale against the land, and it concludes by praying, that an injunction may be issued, restraining all further proceedings ; that the sale of the

land may be cancelled, so far as the plaintiff is concerned ; that his notes, given in payment for the land, may be cancelled and returned ; and that Hayden may be decreed to pay to him the sum of $1500, with costs, &c.

A motion to dissolve the injunction upon the face of the petition, was sustained below, and the injunction was dissolved with damages. The plaintiff has appealed.

We are of opinion that the Judge, *a quo*, did not err. Considering as true all the facts set forth in the petition, as we are bound to do on the trial of a motion to dissolve upon the face of the papers, we cannot find in them any ground upon which to rest the petitioner's claim for damages, or for a rescission.

It may well be doubted whether the obligation of the 21st of August, 1841, to sell the land to plaintiff for *a valuable consideration*, constituted either a sale, or a promise to sell, as no price had been fixed upon, and the contract was wanting in one of its essential requisites; and it is well settled that the nullity of the principal obligation involves that of the penal clause. Civil Code, arts. 1757, 2119, 2414, 2437, 2439. 1 Pothier, Oblig. No. 339.

But admitting that the obligation was of sufficient validity to bind the defendant on his bond, the plaintiff himself shows that on the 23d of December, 1841, a new and different contract was made, to which he himself became a party, which was a sale to himself, and to James J. Neilson, each for one undivided half of the same tract of land. By this new agreement, the execution of the first was rendered impossible, as Gorham could no longer buy, nor Hayden sell the whole land. Gorham, we think, may well be considered as having, by his own act, waived or discharged the penal bond. It is clear, that he made the second contract without any reference to that instrument ; for he tells us, that after the parties had signed the act, and he had furnished his notes, it was stipulated that the renunciation of the vendor's wife should be given on the next day, to wit, on the 24th of December, 1841, a different day from that stipulated in the first contract. No penal stipulation appears to have been alluded to, or thought of, by the parties at that time. There seems to have been remissness and neglect in completing the act on the part of the vendor ;

but although the petitioner alleges that he had been aggrieved by the loss of the offer of $6000 for the property, in February, 1842, he does not appear to have taken any steps to quicken the vendor in the performance of his obligation, or to recede from the contract, as he might perhaps have done. He quietly suffered the act to be made complete and binding on him, in the following April. From his whole conduct, it is but fair to suppose, that he did not think of refusing payment of his notes, or of claiming damages, or of the rescission of the sale. But, be this as it may, and admitting that the penal bond was not waived and annulled by the new contract between the parties, it was necessary, after the time appointed for the compliance with the terms of the bond, and before they were actually complied with, that Hayden should have been legally put in default, to authorize a claim for rescission, or in damages. It is no where alleged in the petition, that the appellee was put *in mora*, before the 1st of April, 1842, in either of the ways pointed out by law. Civil Code, 1906, 1907, 1908, 1925, 1927. 6 Mart. N. S. 226. 1 La. 214. 2 Robinson, 498. A party is put in default by the terms of his contract, only when it specially provides that he shall be deemed to be in default, by the mere act of his failure. Civil Code, art. 1905. We, therefore, conclude that the plaintiff is without any right, either to damages, or to a rescission of his contract.

We have been called upon by the appellee, to amend the judgment of the District Court, by increasing the damages assessed, and, at the same time, to treat this appeal as a frivolous one, and to give him damages for the delay consequent thereon. We can do neither. He cannot have damages for the appeal, because he has availed himself of it, to ask for an amendment of the judgment he obtained below. Although a general injunction had issued in the case, it does not appear to us that the inferior Judge improperly limited the damages he allowed under the law of 1831, to the amount due by Gorham, who alone had enjoined the order of seizure and sale. We have often held, that this law, being one of great severity, should be strictly construed. In relation to the special damages, the Judge under whose eye the proceedings took place, was more competent than we can be to assess them,

We cannot say that he erred in fixing the amount which he thought proper to allow.

*Judgment affirmed.*