Monell, J.
The plaintiff claimed to recover for the services of himself and wife, from January, 1856, to November, 1860, at the rate of $500 per annum. He proved the recovery of a judgment against the corporation of which the defendants were stockholders, for the amount of his claim, and the return of an execution unsatisfied.
The complaint in the action against the company alleged the rendering of services by the plaintiff and wife for the company between the 1st of January, 1856, and the 1st of November, I860,, and claimed a balance due of $1611.35, for which sum the plaintiff recovered judgment.
In actions against stockholders of corporations formed for mining, mechanical and chemical purposes, it is incumbent upon the plaintiff to show the recovery of a judgment against the corporation ; the return of an execution thereon unsatisfied ; that the debt is due to a laborer or servant, and was contracted by the corporation to be paid within one year.
The judgment against the corporation is open to attack by the stockholders only for fraud or collusion. (Moss v. McCullough, 7 Barb. 279 Moss v. Averell, 10 N. Y. Rep. 449. Belmont v. Coleman, 21 id. 96.) It is conclusive as to the contract with the corporation, the services rendered, and their value.
The only questions, therefore, to be examined in this case are, First. Whether the services were of .a character intended to be protected by the 18th section of the act authorizing the formation of mining companies, {Laws of 1848, p. 54,) and Second, Whether the debt was contracted by the company to be paid within a year; and Third. Whether this suit was commenced within a year after the debt became due.
In respect to the character of the services rendered, the plaintiff testified that the company’s property consisted of large plantations of sixteen or seventeen thousand acres of land, on which were gold mines, iron mines, saw mills, grist mills, &c. and a large portion of farming lands. That he worked in the field.with the men, seeing that they did their duty, and assisted in doing it, and that he also did a variety of *320 other things ; that he sometimes worked in the saw mills, sometimes in the grist mills, sometimes gathering wood with the men, and taking it into the saw mill; that he went to the field and gave out the rations to the negroes, kept the accounts in the absence of others, .collected the farm rents and did more or less traveling for the company. He further testified, that his wife took care of the house belonging to the company, where they lived, and that the agent of the company stayed there a portion of the time, and the captain of the men over Sundays, at which time they were fed and given a place to sleep. He further testified, that the president of the company told him that he would probably have occasion to keep the books, and that his wife’s services would be to attend to the household concerns.
It is evident, I think, that the plaintiff was employed by the company to perform a variety of services. He seems to have been a man of all work. He was an overseer and yet worked with the men. He worked in the different mills on the premises, and apparently had a complete supervision of the property, men and business of the company, and also kept their books. Many of the services he performed as a common laborer, and others as the servant of the company. The word “laborer” in the statute must probably be restricted to mean manual work, but “ servant” cannot be confined to a mere menial service. “Laborer” is more distinctive than “ servant,” and embraces a smaller class ; the former comprehending such only as perform labor with their hands, while the latter includes also such as do menial services. From the nature of the services performed by the plaintiff and his wife, I cannot entertain a doubt that they were of a character intended to be protected by the act. He was both a laborer and a servant; much that he did was manual and some of it menial.
The cases of Aiken v. Wasson, (24 N. Y. Rep. 482.) and Ericsson v. Brown, (38 Barb. 390,) must be regarded as standing by themselves, and as establishing no general principle. In the first case the plaintiff was a contractor with *321 a railroad company, and sued to recover for the work of his men. And it was held he was neither a laborer nor servant. Judge Selden says it is difficult to determine precisely where the line should be drawn between the different classes of persons who may perform services for a company. That case, then, merely settles that a person who makes a contract with a railroad company to construct a portion of its road, is not a servant of the company. In the second case the suit was for the services of a consulting engineer, and it was held he was not a servant. The court draws a distinction, in its interpretation of the statute, between one who performs manual labor and a professional man whose labors are mostly mental. Yet, in both these cases, enough can be found in the reasonings of the court to bring the present plaintiff within the intent of the statute. In the case of Oonant v. Van Schaich, (24 Bari. 87,) the plaintiff recovered for services as civil engineer, and it is there said that there is no middle ground between restricting the recovery to day laborers and applying it to all persons employed in the service of the company, who have not a distinctive appellation as officer or agent.
I think the plaintiff is clearly entitled to the benefit of the statute.
The next question is, was the debt contracted by the company to be paid in one year ?
The plaintiff testified that there was no limit to his engagement ; it was to go on ad infinitum, and he was to be paid $500 a year for the services of himself and wife. The employment was for an indefinite period, and could have been terminated by either party at pleasure. The judgment recovered against the company was evidence of the services rendered, and of the sufficiency of the contract to sustain a recovery. No time was fixed for. the payment of the salary, and the most the defendants could claim was, that it became due with the expiration of the year.
Although it is usual to advance or pay salaries monthly or quarterly, yet upon a contract to serve for a year, at a stipu *322 lated rate of compensation for the whole period, no right of action would accrue until tlie expiration of the year.
There was nothing in the evidence to show that the liability of the company could not have been enforced within the year. The 24th section of the act, which exempts stockholders from liability for debts which are not to he paid within a year, must be construed to mean such debts, the payment of which is, in express terms, extended beyond a year, and the collection'of which cannot he enforced before the expiration of that period.
The debt in this case was due at the end of the year, and the judgment (which in that particular cannot be disturbed here) shows a recovery for services to the first of November, 1860.
The plaintiff, in his action against the company, recovered his salary from the 1st of January, 1856. But in this action he can recover only for so much as became due within a year prior to the commencement of that action.
If the views I have here expressed are correct, then the plaintiff is entitled to recover the proportion of salary from January 1,1860, to November 1,1860. But for the salary due December 81,1859, the defendants are not liable, a suit against the company not having been commenced within a year-thereafter.
I think the complaint was improperly dismissed. The judgment should be reversed and a new trial ordered, with costs of the appeal to the appellant, to abide the event.
HoCuítn, J. concurred.