## No. 44.

### JOHN I. ADAMS & CO. *v.* ALFRED MOULTON.

1. An exception of no cause of action admits for the purposes of its trial the allegations of the petition.
2. A creditor holding a special mortgage or privilege cannot prevent the sale of the property affected, by a subsequent mortgagee, or by an ordinary creditor, if the price obtained be sufficient to satisfy his prior claims.
3. It is only when property so sold brings less than prior special mortgages and privileges, that the sale is null.
4. A bid at forced sale is only for the absolute value of the property. The purchaser owes or assumes nothing beyond the amount of his bid.
5. The standing crop upon land at the time of sale passes as a part of the property to which it is attached, and the bid covers such crops, as well as the soil and other improvements.
6. Where a party takes all, or a portion of the proceeds of a judicial sale, he ratifies the same, and is estopped from disputing its validity.
7. Where one of several owners of a concurrent mortgage, he holding also at the same time another claim secured by a special and superior privilege, in the division of the fund realized by the sale of the property, takes his *pro rata* of the same, as a mortgage creditor, and allows his fellow-creditors to do the same, there is an abandonment of such superior privilege.
8. Such a partition of proceeds, however, if made in error of fact, might by proper proceedings be rescinded, but such rescission must be demanded in a suit regularly brought for that purpose.
9. To such an action all the persons participating in the distribution are necessary parties.
10. Before instituting such a suit, the plaintiff should return or tender the return of what he has received, so that the condition of affairs as they stood before the distribution might be itself restored.

11. Such a transaction could not be rescinded as to one of such participants, and not as to the other; therefore, the tender of restitution should be made to both.

*Appeal from Fifth District Court. Rogers, Judge.*

*A. L. Tucker* for plaintiff, appellant.
*Breaux & Hall* for defendant.

C. B. Singleton, Esq., member of the Bar, sitting as judge *ad hoc*, in place of Rogers, judge, recused, concurred in the opinion and decree delivered in this case.

McGLOIN, J.—Plaintiffs allege, substantially, that the crop of 1875, on the Anchorage plantation, was pledged to them for advances made thereon, and amounting to $944 07; that their lien was duly recorded; that on the 3d of July, 1875, said Anchorage plantation was sold under a mortgage held concurrently by plaintiff, defendant and a third person; that said plantation, the crop of 1875 then standing on it, was adjudicated to defendant for $11,000 cash, which sum was distributed *pro rata* among the aforesaid concurrent mortgagees, including plaintiffs; that, owing to their inadvertence, plaintiffs had made no separate appraisement of the crop; that their attorneys overlooked the privilege, " through forgetfulness and error of fact, when they received and receipted for the *pro rata* due to petitioners upon their said mortgage claim;" that they offered to return said money, which offer was not accepted; and they sue defendant personally for said claim, $944 07, because he " received to his own use and benefit all of the said crops so affected with their said lien and privilege."

This petition was met by the exception of no cause of action, which was maintained below.

Such an exception, of course, admits, for the purposes of its trial, the facts alleged. The sale seems, however, upon the showing of plaintiff, to have been legal and effective. Even if plaintiff's claim was secured by a valid special privilege anterior to the mortgages, to satisfy which the property was sold, the price was sufficient to meet it. A prior mortgage or privi-

lege does not prevent a sale, by a creditor holding one that is inferior, or in fact holding no lien but that of seizure upon the property, where the price is sufficient to satisfy all claims entitled to priority. Carron *v.* La. State Bank, 7 Martin, N. S. 281; Heber *v.* Heirs of Babin, 6 Martin, N. S., 614; Vanhilla *v.* Husband, 5 Rob. 496; Bludworth *v.* Hunter, 9 Rob. 256; Pickens *v.* Webster, 31 La. An. 870.

It is only against sales, where the price bid is *less* than the amount of prior special mortgages and privileges, that the law decrees nullity. 1 Martin, N. S., 603; 3 Martin, N. S., 604; 4 Martin, N. S., 154; 7 Martin, N. S,. 381; 6 Rob. 107; 6 Rob. 380; 7 Rob. 406; 9 Rob. 256; 10 Rob. 65; 12 Rob. 130; 1 La. An. 32; 1 La. An. 426; 2 La. An. 971; 2 La. An. 617; 5 La. An. 574; 6 La. An. 394; 7 La. An. 298; 7 La. An. 614; 9 La. An. 214; 9 La. An. 216; 15 La. An. 630; 27 La. An. 47; C. P. 684; State ex. rel. *v.* Recorder, 1 McGloin, 190.

Nor is the bid at such a sale over and above the amount of the prior special mortgages and privileges. It is for a definite sum, and constitutes the entire price. Mounet *v.* Williamson, 7 Martin, N. S., 383; Balfour *v.* Chew, 4 Martin, N. S., 161; Pepper *v.* Dunlap, 16 La. 170; Fortier *v.* Slidel, 7 Rob. 403; Suc. Triche, 29 La. An. 385.

The standing crop upon the property at the time of the sale passed with the soil as a part of the land to which it was attached, and the price bid and paid included and covered such crop, which went to the purchaser by virtue of his adjudication. C. C. Art. 456; Bludworth *v.* Hunter, 9 Rob. 256.

Therefore, beyond the obligations imposed by law upon the defendant as such purchaser, he incurred no liability towards plaintiff for taking and disposing of, as his own, the crops affected by plaintiff's privilege.

Even if, under ordinary circumstances, it would have been the duty of the defendant to have retained in his hands a sufficient sum out of the price to satisfy the privilege of plaintiff, and a failure so to do would not release him (Sturges *v.* Taylor, 285), yet where, as in this case, the privilege creditor has

ratified the action against which he complains, the principle can have no application. According to the showing of their own petition, John I. Adams & Co. were holders of a portion of the concurrent mortgages which consumed the price, and, as such mortgage creditors, they received their *pro rata* of the fund resulting from the sale. This is clearly an estoppel, preventing them from impeaching or complaining of the transaction. Sittig *v.* Morgan, 5 La. An. 574; Factors' and Traders' Ins. Co. *v.* DeBlanc, 31 La. An. 103; Boubede *v.* Aymes, 29 La. An. 275; Thomas *v.* Scott, 3 Rob. 256; Headen *v.* Oubre, 2 La. An. 142; Livaudais *v.* Livaudais, 3 La. An. 455; Provosty *v.* Carmouche, 22 La. An. 135; Slocomb *v.* Williams, 23 La. An. 245. If this partition of the proceeds were made by the counsel for plaintiffs in error of fact, such as is recognized by the law as sufficient to rescind contracts, upon proper showing, and in an appropriate proceeding, they might be entitled to relief. 31 La. An. 103, Factors' & Traders' Ins. Co. *v.* DeBlanc. The remedy, however, is not the one sought to be enforced in this case. The transaction must stand until it be duly rescinded by judgment in a suit brought for that purpose. To such an action the third person, who, as holder of a concurrent mortgage, participated in the settlement, and received portion of the proceeds, should be made party. Sittig *v.* Morgan, 5 La. An. 574.

Furthermore, before instituting such a suit, plaintiffs would be bound to put the defendants in *mora*, by tendering the restoration of what they had themselves received, so that the condition of affairs might be made the same as they were before the settlement of which they complain. Tippet *v.* Jett, 3 Rob. 316; Walden *v.* City Bank, 2 Rob. 179; Van Week *v.* Rest, 14 La. An. 56; Latham *v.* Hickey, 21 La. An. 425; Stewart & Jewett *v.* Pressly, 22 La. An. 506; Ferari *v.* Lambeth, 11 La. 102; Gorham *v.* Hayden, 6 Rob. 450; Castellano *v.* Peillon, 2 Martin, N. S. 471; Janin *v.* Franklin, 4 La. An. 198; Barnett *v.* Bullard, 19 La. 283; Duranton, vol. xii, Nos. 561, 562; Marcadé, vol. iv, p. 575, No. 901; Mourlon, vol. ii, p. 675

The tender of restitution in such a case as this should be to both defendants, as the transaction could not be rescinded as to one, and stand for the other. They were both entitled, in case the rescission were decreed, to have the fund restored into the control of the proper court, where they might test and resist the enforcement of plaintiff's privilege, in the same manner as they would or could have done had plaintiff's consent not obviated its necessity.

Whether the bare fact that one who, knowing the character of his rights, permits the recollection thereof temporarily to escape him, justifies the rescission of a contract for error of fact, upon his part, is a question which we do not feel called upon to determine.

Judgment affirmed.