## No. 44.

### JOHN I. ADAMS & CO. v. ALFRED MOULTON.

1. The sale of property under execution, at the instance of a junior mortgagee, or one holding only an ordinary judgment, cannot be prevented by a creditor with prior mortgage or privilege, if the price realized be sufficient to discharge all superior claims.
2. Sales of property affected by mortgages and privileges, under execution, at the instance of creditors of inferior right, are null only when the price realized is insufficient to meet the superior claims.
3. The bid, at a sale under execution, is for a definite sum and not for the amount stated, with assumption of the mortgages and privileges bearing upon the property.
4. The crop standing upon land at the time of the sale under execution, passes with the land and is covered by the bid.

[*] See Becker *v.* Quick, p. 111; Grivot *v.* Waples, p. 191.—Rep.

5. Where a creditor participates in the distribution of the proceeds of property sold under execution, he ratifies the same and is estopped from subsequently attacking it.

6. Such a participation, however, if made in error of fact, might, upon proper allegations, be rescinded.

7. Such rescission could only be decreed in a suit for that purpose, to which all who participated in the proceeds are made party.

8. A person asking for the rescission of a contract, etc., must, as a prerequisite to his suit, return or tender what he has received from the transaction complained of and otherwise restore, so far as possible to him, the condition of things as they stood before the contract, etc., that he attacks.

9. Where several persons have participated in the transaction sought to be rescinded, the default must be against all who do not join or acquiesce in the demand.

*Appeal from Fifth District Court, Parish of Orleans. Rogers, Judge.*

*A. L. Tucker*, for plaintiff, appellant.

*Breaux, Fenner & Hall* for defendant.

The opinion of the Court was concurred in by Chas. B. Singleton, Esq., member of the Bar, judge *ad hoc, vice* Rogers, judge, recused, having determined the cause below.

McGLOIN, J.—Plaintiffs allege substantially that the crop of 1875, on the Anchorage Plantation, was pledged to them for advances made thereon, and amounting to $944.07; that their lien was duly recorded; that on the 3rd of July, 1875, said Anchorage Plantation was sold under a mortgage held concurrently by plaintiff, defendant and a third person; that said plantation, the crop of 1875 then standing on it, was adjudicated to defendant for $11,000 cash, which sum was distributed *pro rata* among the aforesaid concurrent mortgagees, including plaintiffs; that, owing to their inadvertence, plaintiffs had made no separate appraisement of the crop; that their attorneys overlooked the privilege, " through forgetfulness and error of fact, when they received and receipted for the *pro rata* due to petitioners upon their said mortgage claim;" that they offered to return said money, which offer

was not accepted; and they sue defendant personally for said claim, $944.07, because he " received to his own use and benefit all of the said crops so affected with their said lien and privilege."

This petition was met by the exception of no cause of action, which was maintained below.

Such an exception, of course, admits, for the purposes of its trial, the facts alleged. The sale seems, however, upon the showing of plaintiff, to have been legal and effective. Even, if plaintiff's claim was secured by a valid special privilege anterior to the mortgages, to satisfy which the property was sold, the price was sufficient to meet it. A prior mortgage or privilege does not prevent a sale, by a creditor holding one that is inferior, or in fact holding no lien but that of seizure upon the property, where the price is sufficient to satisfy all claims entitled to priority. Casson v. La. State Bank, 7 Martin, N. S. 281; Heber v. Heirs of Babin, 6 Martin, N. S. 614; Vanhille v. Husband, 5 Rob. 496; Bludworth v. Hunter, 9 R. 256; Pickens v. Webster, 31 La. An. 870.

It is only against sales where the price bid is *less* than the amount of prior special mortgages and privileges, that the law decrees nullity. 1 Martin, N. S. 608; 3 Martin, N. S. 604; 4 Martin, N. S. 154; 7 Martin, N. S. 381; 6 Rob. 107; 6 Rob. 380; 7 Rob. 406; 9 Rob. 256; 10 Rob. 65; 12 Rob. 130; 1 La. An. 32; 1 La. An. 426; 2 La. An. 971; 2 La. An. 617; 5 La. An. 574; 6 La. An. 394; 7 La. An. 298; 7 La. An. 614; 9 La. An. 214; 9 La. An. 216; 15 La. An. 630; 27 La. An. 47.

Nor is the bid at such a sale over and above the amount of the prior special mortgages and privileges. It is for a definite sum, and constitutes the entire price. Mounet v. Williamson, 7 Martin, N. S. 383; Balfour v. Chew, 4 Martin, N. S. 161; Pepper v. Dunlap, 16 La. 170; Fortier v. Slidell, 7 Rob. 403; Succession Triche, 29 La. An. 385.

The standing crop upon the property, at the time of the sale, passed with the soil, as a part of the land to which it was attached, and the price bid and paid included and covered

16

such crop, which went to the purchaser by virtue of his adjudication. C. C. Art. 456; Bludworth v. Hunter, 9 Rob. 256.

Therefore, beyond the obligations imposed by law upon the defendant as such purchaser, he incurred no liability towards plaintiff for taking and disposing of, as his own, the crops affected by plaintiff's privilege.

Even, if, under ordinary circumstances, it would have been the duty of the defendant to have retained in his hands a sufficient sum, out of the price, to satisfy the privilege of plaintiff, and a failure so to do, would not release him, yet, where, as in this case, the privilege creditor has ratified the action, against which he complains, the principle can have no application. According to the showing of their own petition, John I. Adams & Co. were holders of a portion of the concurrent mortgages, which consumed the price, and as such mortgage creditors, they received their *pro rata* of the fund, resulting from the sale. This is clearly an estoppel, preventing them from impeaching, or complaining of the transaction. Sittig *v.* Morgan, 5 La. An. 574; Factors' and Traders' Ins. Co. *v.* De Blanc, 31 La. An. 103; Boubede vs. Aymes, 29 La. An. 275; Thomas *v.* Scott, 3 Rob. 256; Hedin *v.* Oubre, 2 La. An. 142; Livaudais *v.* Livaudais, 3 La. An. 455; Provosty *v.* Carmouche, 22 La. An. 135; Slocomb *v.* Williams, 23 La. An. 245.

If this partition of the proceeds were made, by the counsel for plaintiffs, in error of fact, such as is recognized by the law, as sufficient to rescind contracts; upon proper showing, and in an appropriate proceeding, they might be entitled to relief. 31 La. An. 103, Factors' and Traders' Ins. Co. *v.* De Blanc. The remedy, however, is not the one sought to be enforced in this case. The transaction must stand, until it be duly rescinded by judgment, in a suit for that purpose brought. To such an action, the third person, who, as holder of a concurrent mortgage, participated in the settlement and received portion of the proceeds, should be made party. Sittig *v.* Morgan, 5 La. An. 574.

Furthermore, before instituting such a suit, plaintiffs would be bound to put the defendants in *mora* by tendering the restoration of what they had themselves received, so that the condition of affairs might be made the same, as it was before the settlement of which they complain. Tippedt *v.* Pett, 3 Rob. 316; Walden *v.* City Bank, 2 Rob. 179; Van Wick *v.* Rist, 14 La. An. 56; Latham *v.* Hickey, 21 La. An. 425; Stewart & Jewett *v.* Pressly, 22 La. An. 506; Ferari *v.* Lambeth, 11 La. 102; Gorham *v.* Hayden, 6 Rob. 450; Castellano *v.* Peillon, 2 Martin, N. S. 471; Janin *v.* Franklin, 4 La. 148; Barnett *v.* Bullard, 19 La. 283; Duranton, vol. xii, Nos. 561, 562; Marcadé, vol. iv, p. 575, No. 901; Mourlon, vol. ii, p. 675.

The tender of restitution, in such a case as this, should be to both defendants, as the transaction could not be rescinded as to one, and stand for the other. They were both entitled, in case the rescission were decreed, to have the fund restored into the control of the proper Court, where they might test and resist the enforcement of plaintiffs' privilege, in the same manner as they would, or could have done, had plaintffs' consent not obviated its necessity.

Whether the bare fact, that one, who, knowing the character of his rights, permits the recollection thereof temporarily to escape him, justifies the rescission of a contract for error of fact, upon his part, is a question which we do not feel called upon to determine.

Judgment affirmed.