(78 South. 562)

No. ·21062.

NICHOLS v. BRYAN et al.

Opposition of BRITTON & KOONTZ BANK.

(Nov. 26, 1917.  On Rehearing, April 29, 1918.)

*(Syllabus by Editorial Staff.)*

1. JUDICIAL SALES ⬤═25—SALE FOR CASH—REFUSAL TO COMPLY WITH BID.

When a judicial sale is for cash, and the adjudicatee refuses to comply with his bid, there is no sale, except where the refusal is well grounded.

2. JUDICIAL SALES ⬤═23 — MORTGAGE — RETENTION OF PRICE BY PURCHASER—STATUTE.

By direct provision of Code Proc. art. 710, if on property judicially sold a general mortgage exists, resulting either from a legal or judicial mortgage, the purchaser cannot avail himself of such mortgage to retain part of the price.

On Rehearing.

3. JUDICIAL SALES ⬤═22 — COHEIR AS PURCHASER—PAYMENT—STATUTE.

By express provision of Civ. Code, art. 1343, any coheir who is of age can become a purchaser at the sale of the hereditary effects to the amount owing him from the succession without paying the surplus over the portion coming to him until it has been definitely fixed by a partition.

Provosty, J., dissenting.

Appeal from Eighth Judicial District Court, Parish of Catahoula; Riley J. Wilson, Judge.

Suit for partition by H. S. Nichols against Mrs. E. S. Bryan and others, wherein the Britton & Koontz Bank .filed opposition. From the judgment, there is an appeal. Judgment amended by decreeing the adjudication of the property in question hereintofore made in the partition proceedings to be null and void, and by dismissing as in case of nonsuit the opposition of the Britton & Koontz Bank, etc., and judgment as amended affirmed.

M. C. & W. H. Thompson, of Winnsboro, for appellant.  S. D. Pearce, of Ruston, for appellees.

PROVOSTY, J. Mrs. Bryan and her emancipated son and two minor daughters being owners in indivision of a plantation, one half to her and one half to them, the son brought suit against his said co-owners for a partition by licitation. There was judgment ordering the property to be sold for cash, and at the sale the son and two minors became the adjudicatees. Before the sale, the Britton & Koontz Bank filed a third opposition in the partition suit, claiming to have a mortgage upon Mrs. Bryan's share of the property, which entitled it to take the proceeds of the sale of this share except in so far as Mrs. Bryan might be indebted to her said children as their tutrix. The bank prayed that. the amount of the said indebtedness be ascertained and fixed, and that an order issue to the sheriff to hold in his hands the proceeds of the sale of the said share of Mrs. Bryan until the further orders of the court. This order having issued, the sheriff refused to make title to the said adjudicatees unless they should pay the price of the said share of their mother into his hands. This they refused to do, claiming that, by virtue of their minor's mortgage upon the property of their mother and tutrix, they were entitled to retain these proceeds in their hands. The sheriff, after waiting 15 days, returned the writ unsatisfied, reciting in his return upon it the refusal of the said adjudicatees to comply with their bid. The bank then filed a supplemental petition asking that the adjudication be decreed to have been without effect, and Mrs. Bryan's half of the property to have continued to belong to her, and that the amount of her indebtedness to her children be fixed. By an account theretofore rendered and accepted as correct, the amount of this indebtedness had been fixed as between the son and the mother, but the bank, in its said supplemental petition, attacked this account and settlement as incorrect and collusive, contesting various items in it.

There is no dispute either as to the ex-

istence of the mortgage of the bank upon Mrs. Bryan's share of the property, nor as to its amount. The sole issues are as to what is the amount of the indebtedness of Mrs. Bryan to her children, and as to whether the said adjudication must not be considered as having produced no effects, and, in consequence, the share of Mrs. Bryan in the plantation to have continued to belong to her.

Mrs. Bryan and her children being fully agreed as to the amount of her indebtedness to them, the first of these issues lies exclusively between the bank and the children. And the bank can have an interest in the amount of Mrs. Bryan's debt to her children only in the event the property upon which it and the children are asserting mortgage claims proves insufficient to satisfy both claims when sold. Prior to a sale, therefore, the bank has no interest, and therefore no standing, to litigate that issue.

[1, 2] Has there been a sale? We think not. When a judicial sale is for cash, and the adjudicatee refuses to comply with his bid, there is no sale. Haynes v. Breaux, 16 La. Ann. 143; Rowly v. Kemp, 2 La. Ann. 361; Hills v. Jacobs, 7 Rob. 406; Losee v. Stauton, 24 La. Ann. 370. The situation is of course, different where the refusal is well grounded. But in the present case it was not well grounded. The children had only a legal, or general, mortgage, and the C. P. is explicit (article 710), that:

"If there exist a general mortgage on the property resulting either from a legal or judicial mortgage, the purchaser cannot avail himself of this mortgage * * * to retain part of the price."

No one can say that at the next offering of this property for sale it may not bring enough to satisfy all claims upon it, and, indeed, in view of the late marked increase in the value of agricultural lands, such a result may not be improbable.

The learned counsel for appellees cites Childs v. Lockett, 107 La. 270, 31 South. 751, as authority for the proposition that the failure of the adjudicatee to pay the price at a cash judicial sale does not nullify the sale. But in that case the price had been paid.

The same learned counsel says that an heir purchasing the hereditary property is not obliged to pay the surplus over the portion coming to him until the surplus is definitely fixed by partition. But Mrs. Bryan's share of this plantation is not "hereditary property." Mrs. Bryan is still living.

The judgment appealed from is therefore set aside; the adjudication of the property in question heretofore made in the partition proceedings herein is decreed to be null and void; the third opposition of Britton & Koontz Bank is dismissed as of nonsuit at the cost of said bank; and the costs of this appeal are ordered to be paid by the appellees Henry S. Nichols, Eliza Baker Nichols, and Mary Reynolds Nichols.

On Rehearing.

LECHE, J. [3] A rehearing was granted in this case, mainly for the reason that we entertained some doubt as to the correctness of our ruling to the effect that the purchasers of the property sought to be partitioned in this suit could not avail themselves of the benefit of article 1343 of the Civil Code.

That article reads as follows:

"Any coheir of age, at the sale of the hereditary effects, can become a purchaser to the amount * * * owing to him from the succession, and he is not obliged to pay the surplus * * * over the portion coming to him, until this portion has been definitely fixed by a partition."

Whether the property involved in this proceeding is hereditary, and, if not hereditary, whether the rule announced in the quoted article nevertheless applies, as seems to be indicated by the provisions of article 1290, C. C., need not be decided in this case,

for the reason that the benefit of said article 1343, by its very terms, only applies to coheirs of age, and not to minor coheirs, in whose favor it is attempted to be applied in the present case. For this reason, the conclusion reached by us in our former decree as to this issue should be sustained.

Opponent in its application for rehearing complains also that we have apparently reversed the judgment appealed from in so far as it recognized opponent's mortgage indebtedness against Mrs. E. S. Bryan. It was not our intention to do so, for that question is not presented in this appeal; but to remove all doubt we accordingly recast the judgment, as follows:

It is therefore ordered that the judgment appealed from be amended by decreeing the adjudication of the property in question heretofore made in the partition proceedings herein to be null and void, and that it be further amended by dismissing as in case of nonsuit the opposition of Britton & Koontz Bank in so far only as it seeks to reduce the indebtedness of Mrs. E. S. Bryan, tutrix, in favor of her minor children and of the plaintiff herein, and that said judgment, as thus amended, be affirmed at the costs of plaintiff and defendants, appellees.

See dissenting opinion of PROVOSTY, J., 78 South. 564.