## No. 740

## First Circuit

___

## CITY OF HOUMA v. BERGER

___

(January 26, 1931.  Opinion and Decree.)

___

Ellender & Ellender, of Houma, attorneys for plaintiff, appellee.

Harris Gagne, of Houma, attorney for defendant, appellant.

LEBLANC, J. The city of Houma, in the enforcement of a paving lien against Chas. W. Berger, obtained a judgment in the district court, on June 18, 1928, which operated only as a judgment in rem against his property. In satisfaction of such judgment, the property was seized and offered for sale, at public auction, during the month of October, 1928. Harold Daspit, being the last and highest bidder for the sum of $650, became the adjudicatee at that sale, but did not accept title, nor did he comply with his bid. Upon the refusal of the sheriff and the clerk of court to cancel a minor's mortgage resting on the property, Daspit, almost two years after, to-wit, in June, 1930, brings this proceeding by rule to compel its cancellation by the clerk of court, claiming that the same was pre-empted and prescribed before he became the adjudicatee of the property. The district court issued a rule to show cause and appointed Claude Ellender, attorney at law, as curator ad hoc to represent the minor absentee, Martha Berger Smith, defendant in rule. The curator ad hoc and the clerk of court joined issue by answering the rule. The other defendants made no appearance.

On the day of sale at public auction, the certificate of mortgages bearing on the property which had been prepared by the clerk of court and ex-officio recorder of mortgages was read before the property was offered for sale and Daspit's bid was made with full knowledge of all recorded incumbrances and with reference thereto. The agreed statement of facts, on which the matter comes before us, bears a notation, interlined by the district judge, that he never tendered the amount of his bid. Holding that the adjudicatee's duty was to comply with his bid, and the matter of adjustment and cancellation of mortgages was one with which he was not concerned, the lower court recalled and dismissed Daspit's rule, and he has appealed.

The issue presented is the one of the right of Daspit, the adjudicatee who has not complied with his bid, to compel the cancellation of the mortgage. To enjoy that right it strikes us that he must

have more than a mere naked adjudication by the sheriff. He must have a complete adjudication which vested title in him. The question then resolves itself into one of ownership or title.

Daspit contends that the adjudication of itself conveyed to him a perfect title of which he cannot be divested because of his mere failure to pay the purchase price. He relies upon article 690 of the Code of Practice and article 2608 of the Revised Civil Code. He also refers to article 689 of the Code of Practice which provides that "If the person to whom the property has been adjudged shall refuse to pay to the sheriff the price of the adjudication * * * the sheriff shall expose to sale anew the thing seized, and adjudge it to another person," and contends that a failure to pay does not amount to a refusal as contemplated under that article. We are referred to a number of decisions which in effect support the proposition that, where there has been only a passive violation of the obligation to pay the price of adjudication, it is necessary that a demand be first made on the adjudicatee, and that he be placed in default before an action to divest him of his title can be maintained. Doll v. Kathman, 23 La. Ann. 486; McCall v. Irion, 41 La. Ann. 1126, 6 So. 845. Here, however, it must be remembered, that the demand by Daspit is one which is dependent on his ownership of and a title to the property, and in presenting it, he makes allegations in two different articles of his petition which would make of his failure to pay the price of adjudication an active violation of his duty in that respect, and would render a demand on him therefor a vain and useless formality. In article 5 he alleges that he is "entitled to have the mortgage certificate cleared upon paying the purchase price," and again, in article 8, he avers that "he can not safely comply with the adjudication, until the question of the rank of mortgages resting upon the property as shown by the mortgage certificate is determined by the court." These are judicial admissions on his part that he has not paid, and declarations which can hardly be construed in anything else than a refusal to pay the price of the adjudication. Moreover, the agreed statement of facts, signed by his counsel, recites specifically that "Daspit refused to accept title and pay his bid, unless a first recorded mortgage, granted 18 years previously by defendant in favor of his minor children, was cancelled." That further admission seems to us to destroy all the effect of the argument made by drawing a distinction between a failure to pay the bid and a refusal to do so. Under the record in this case there was clearly a refusal.

It is unnecessary to go into any lengthy discussion of the effect of a refusal to comply with one's bid in an adjudication of property in judicial sales. It is in the sense only that it is in the power of the adjudicatee to comply with the terms of his bid to become the owner by indefeasible title that the adjudication is "the completion of the sale" within the meaning of C. P. art. 690 and R. C. C. art. 2608. Upon his refusal to pay, title does not pass. Washburn v. Green, 13 La. Ann. 332; Losee v. Sauton, 24 La. Ann. 370; Nichols v. Bryan et al., 143 La. 291, 78 So. 562. Indeed, that seems to be the clear effect produced by the provision in article 689 of the Code of Practice which makes it mandatory on the sheriff, upon refusal of the adjudicatee to pay the price of adjudication to "expose to sale anew the thing seized and adjudge it to another person." The most recent decision in which we find the matter here under consideration discussed is the case

of Capital Building & Loan Association v. Northern Insurance Co., 166 La. 179, 116 So. 843, 845, from which the following excerpt is taken:

"Nor will it do to say in a judicial sale that the mere adjudication by the sheriff operates a transfer of the property from the seized debtor to the adjudicatee at such sale. Like the promise of sale, the adjudication is a sale in the sense that it gives the right to either the adjudicatee or the seizing creditor to compel compliance with the terms of adjudication.

"The question here presented has been up frequently for consideration, and this court has invariably held that where the purchaser for cash refuses to comply with the terms of sale by paying the price, he is considered as never having been owner."

As we have found that, as a condition precedent to his maintaining the demand presented by this rule, Daspit must show ownership of, or title to, the property, and this, according to the authorities cited, he has not done, the judgment of the lower court recalling and dismissing the rule was correct, and it is therefore affirmed.