142 So. 256

**FRIERSON v. NEW YORK LIFE INS. CO.**

No. 31377.

April 25, 1932.

Rehearing Denied May 23, 1932.

Nash Johnson, of Shreveport, and Montgomery & Montgomery, of New Orleans, for appellant.

Foster, Hall, Barret & Smith, of Shreveport, for appellee.

ROGERS, J.

The New York Life Insurance Company proceeded via executiva to enforce the payment of an alleged mortgage indebtedness of Norman D. Stewart and Clifford L. Stewart. Lorraine S. Frierson sued to enjoin the process and to cancel the conventional mortgage so far as it affected the undivided one-half interest in the mortgaged property formerly owned by Clifford L. Stewart. The defendant insurance company filed an exception of no

right or cause of action, which was referred to the merits. After trial on the merits, the court below rendered judgment recalling the writ of seizure and sale, canceling the mortgage asserted by the New York Life Insurance Company so far as it affects the undivided one-half interest originally owned by Clifford L. Stewart in the mortgaged property, and enjoining the defendant insurance company from seizing and selling that interest. From this judgment the New York Life Insurance Company has appealed.

It appears from the record that Norman D. Stewart and Clifford L. Stewart, the owners of Eagle Bend Plantation, in Caddo parish, mortgaged the property on February 2, 1920, to the Investors' Mortgage Company. A few months later the mortgagors executed another mortgage on the plantation in favor of Lorraine S. Frierson, plaintiff herein. On April 5, 1920, the mortgage executed in favor of the Investors' Mortgage Company was assigned by the mortgagee to the New York Life Insurance Company, defendant herein.

Clifford L. Stewart died on August 29, 1921, and his brother Norman D. Stewart was appointed administrator of his succession. On March 7, 1924, N. D. Stewart, as administrator, applied to the court for authority to sell the undivided one-half interest of Clifford L. Stewart in the mortgaged property in order to pay the debts of the succession. In the list of debts annexed to the petition appear the indebtedness of the deceased to the Investors' Mortgage Company on account of the first mortgage and to Lorraine S. Frierson on account of the second mortgage. On March 12, 1924, an order was entered authorizing the sale of the property, and on April 19, 1924, the property was adjudicated by the sheriff

of the parish to Norman D. Stewart. The sheriff's return shows the payment of his costs and then recites, "balance credited according to receipts annexed." Indorsed on the commission to sell addressed to the sheriff is the receipt of Norman D. Stewart as administrator for the difference between the purchase price and the costs due the sheriff. The adjudication was not inscribed on the conveyance records.

No proceeding was taken by Norman D. Stewart, either as administrator or as adjudicatee, to refer the mortgages to the proceeds, and no account, final or provisional, was filed showing the receipt by the administrator of the purchase price. After the adjudication, Norman D. Stewart apparently treated the property as being subject to the mortgage of the New York Life Insurance Company, paying the interest thereon up to the time of his default.

On December 16, 1930, the New York Life Insurance Company brought suit to foreclose its mortgage. On January 14, 1931, Lorraine S. Frierson obtained a judgment against Norman D. Stewart, on the original second mortgage note signed by Norman D. Stewart and Clifford L. Stewart, which was a solidary obligation of the makers. This judgment was duly recorded in the mortgage records of the parish.

The day before the property was to be sold under the writ of seizure and sale obtained by the New York Life Insurance Company, Lorraine S. Frierson brought this suit to enjoin the writ and to cancel the mortgage so far as it rests upon the interest formerly owned by Clifford L. Stewart in the mortgaged property.

Plaintiff takes the position that the mortgage held by the New York Life Insurance Company was extinguished as to the interest of Clifford L. Stewart by the administrator's sale in his succession, and that plaintiff is entitled to injunctive relief against the pursuit of the property by the mortgage creditor.

Defendant takes the position, under his exception of no right or cause of action, that plaintiff's action was improperly brought, as his remedy, if any, is by a third opposition and not by an injunction, and that the undivided one-half interest purchased at the administrator's sale became subject to the mortgage which the purchaser had given upon the whole property.

On the merits, defendant takes the position that the administrator's sale had never been consummated, the purchase price had never been paid, and no title had passed.

Pretermitting the discussion of defendant's exception and passing to the consideration of the merits, we find that we are unable to maintain the judgment of the court below.

On the trial of the case, defendant placed Norman D. Stewart, the administrator and adjudicatee, on the witness stand to prove that the so-called succession sale was resorted to for the purpose only of refinancing the property; that it was never completed; that the purchase price was never paid; and that the adjudication was never recorded because the sale was abandoned. But the evidence was excluded on plaintiff's objection that the sale could not be collaterally attacked. We think the ruling was erroneous.

The legal principles invoked by plaintiff, namely, that the purchaser at a succession sale takes the property free of incumbrances, the creditor being relegated to the proceeds for the payment of his mortgage, and that such a sale cannot be inquired into collaterally are undeniably sound; but, in our opinion, they are not appropriate to the issue before us. They apply only to a real and not to an incompleted sale. Here the property had not passed from the possession of the adjudicatee, and no administrator's account has been filed and homologated disposing of the proceeds of the sale. Defendant is not setting up any errors, defects, or irregularities in the proceeding leading up to the sale, but its contention is that the sale itself was never completed because no price was paid and was not intended to be paid, and, as a consequence, no deed was executed and placed of record in the conveyance records.

The purchaser at a judicial sale acquires such a vested right in the property by the adjudication that it cannot be taken from him unless he refuses to comply with the terms of the sale. But, if the purchaser refuses to comply with the terms, he is considered as never having been the owner, saving to the vendor his right to compel a specific performance of the contract. Washburn v. Green, 13 La. Ann. 332. See, also, Lapene v. Badeaux, 36 La. Ann. 194; Etta Contracting Co. v. Bruning, 134 La. 48, 63 So. 619; Nichols v. Bryan, 143 La. 291, 78 So. 562.

A sale under order of court authorizing the sale for cash is not complete, and title does not pass, until the purchase price is paid. Capital Building & Loan Ass'n v. Northern Ins. Co., 166 La. 179, 116 So. 843.

The case of King v. Atkins, 33 La. Ann. 1057, bears some similarity to the present case. There suit was brought to annul as a

fraudulent simulation the sale of certain real estate in the city of Monroe made by the sheriff under an order of court issued at the instance of creditors in the succession of W. H. Gayle. W. L. Atkins became the adjudicatee and received a joint deed for the property from Mrs. Ann L. Gayle, the administratrix, and the sheriff, in which the administratrix alone acknowledged receipt of the purchase price. Mrs. Gayle was destituted of the office of administratrix, and King, who instituted the action, was appointed administrator in her stead. The court found that "the record leaves the defendants without any proof whatever of the realty of the sale, the burden of which proof was, as we have shown, thrown on them," and "to believe that Mrs. Gayle received this price, is to convict her of embezzlement of funds confided to her in a fiduciary capacity." Judgment was rendered against the defendants, "setting aside and declaring null and void the adjudication to W. L. Atkins of the property; * * * declaring the said property to belong to the succession of Wm. H. Gayle."

In this case, plaintiff seeks by a direct action to divest defendant of its mortgage rights because of the so-called judicial sale of the interest of Clifford L. Stewart in the mortgaged property. We see no reason why in law or equity defendant should not be permitted to urge and prove as a defense to the action that the sale on which plaintiff grounds its action is in law and fact no sale at all and therefore cannot be the source of any legal right or obligation.

For the reasons assigned, the judgment appealed from is annulled, and it is now ordered that this case be remanded to the district

court for further proceedings consistent with the views herein expressed; plaintiff to pay the costs of this proceeding, all other costs to await the termination of the suit.

O'NIELL, C. J., is of the opinion that it was not necessary for Norman D. Stewart, individually, to pay the price to Norman D. Stewart, administrator, in order to complete the sale; the receipt which Norman D. Stewart, as administrator, gave to the sheriff being sufficient.