*297
 
 BRUNOT, J.
 

 The Conservative Homestead Association, as 'the holder and owner of notes identified with and secured by a mortgage and vendor’s lien upon the property described in its petition, proceeded via executiva to enforce payment of the sum of the notes, interest, and attorney’s fees, and certain taxes it alleges it must pay that are assessed against the mortgaged property.
 

 The amount claimed to be due the plaintiff, its right to enforce payment thereof by foreclosure proceedings and the legality and regularity of the proceedings are not questioned. The only issue presented for our consideration grew out of an incident occurring at the sale and adjudication of the property. The decisive question we are. called upon to adjudge is one of fact, viz.: Whether or not Mr. Hebert A. Benson, the vice president of the plaintiff, Homestead Association, or Mr. Harry Wainer, was the last and highest bidder for the property. The civil sheriff, who conducted the sale, declared Mr. Wainer the last and highest bidder, and, over the protest of Mr. Benson, the property was adjudicated to Mr. Wainer for $18,000. On the day following the adjudication, the Conservative Homestead Association filed this proceeding against Maurice J. Hartson, civil sheriff, and Harry Wainer, in which it alleges that its vice president, Hebert A. Benson, acting for the plaintiff, was the last and highest bidder for the property, that he immediately protested the adjudication of the property to Harry Wainer, and therefore the adjudication to Mr. Wainer is illegal, null, and void.
 

 It is further alleged that the petitioner filed a notice of lis pendens in the mortgage office of the parish of Orleans. The prayer of the petition is for citation upon the defendants! for judgment avoiding and setting aside the adjudication of the property to Harry Wainer; for judgment decreeing the petitioner' to be the adjudicatee of the property; and' ordering the civil sheriff to execute to it the regular sheriff’s deed to the property upon the payment by petitioner of such amount as it may be required by law to pay.
 

 Harry Wainer excepted to certain alleged inconsistent allegations of the petition, and filed-a plea of estoppel. Maurice J. Hartson, civil sheriff, filed two exceptions to the petition, one upon the ground that it contained inconsistent allegations, and the other upon the ground that it did not allege a cause of action; and, Teserving the benefit of his exceptions, he filed an answer to the merits.
 

 The case was submitted on- the pleadings stated, and, from an adverse judgment, the plaintiff appealed.
 

 The trial judge found that Harry Wainer was the last and highest bidder for the property, and upheld the civil sheriff’s adjudication thereof to him. He also held, in effect, that the error of a competing bidder was not a ground for avoiding an adjudication. We quote from his opinion the following excerpts:
 

 “The testimony satisfies me that the property was' worth considerably more than Eighteen thousand dollars. It also satisfies me that the first bid was One Thousand dollars* made by Mr. Benson, for the plaintiff, and that the next bid was Ten thousand dollars* made by Mr. Wainer, for himself. That this bid of Wainer of Ten thousand dollars was raised -by one thousand dollar bids and that
 
 *299
 
 the two contenders, Wainer and Benson, carried the contest on by bids of one thousand dollars, Benson making the odd number bids and Wainer the even numbers.
 

 “I am, therefore, satisfied that the Eighteen thousand dollar bid was Wainer’s bid. I am satisfied that Mr. Benson, unaccustomed in bidding in the bedlam of an auction exchange, became confused and was satisfied that the Eighteen thousand dollar bid was his, when the Sheriff was imploring him to raise his bid to Nineteen thousand dollars; that the bid was against him, and I am satisfied that he had the shock of his life when the Sheriff adjudicated the.property to Wainer.
 

 “The question then reverts to this, under the circumstances which I find in this case, is there any power in the Court to cancel and annul a solemn contract entered into by the Sheriff because of the error of a competing bidder?
 

 “Contracts in this state are reducible by reason of error of either the law or of the fact, but that error must be on the part of one of the parties to the contract. The Sheriff made no error and was laboring under no error of either the law or fact when he made the adjudication. Wainer was laboring under no error of law or fact, when he made the offer and it was converted into a contract by its acceptance by the Sheriff.
 

 “Can such a contract be annulled by an order of Court, because of the error of some one else?”
 

 The plaintiff carried the burden of proving thát Mr. Benson was the last and highest bidder for the property. The testimony is conflicting on the point, but, in our opinion, the preponderance of the evidence is against the plaintiff’s contention, and that the learned trial judge has correctly resolved that fact.
 

 Plaintiff relies upon Ragusa v. Greco, 171 La. 686, 131 So. 849. In that case the sheriff committed the error both of fact and of law in not adjudicating the property to the highest bidder, and the adjudication was properly set aside. We fail to see where the decision in that ease has any application to the facts of this case.
 

 For the reasons stated, the judgment appealed from is affirmed, at appellant’s cost.
 

 ROGERS, J., concurs but not in the statement that the adjudication in Ragusa v. Greco was properly set aside.