153 So. 29

### Succession of STEWART.

### No. 32129.

### Jan. 29, 1934.

### Rehearing Denied Feb. 26, 1934.

Foster, Hall, Barret & Smith, of Shreveport, for appellant Lorraine S. Frierson.

Harry H. Bottome, of New York City, Nash Johnson, of Shreveport, and Montgomery & Montgomery, of New Orleans, for appellee New York Life Ins. Co.

ST. PAUL, Justice.

This is a rule taken by the New York Life Insurance Company to set aside a sale of property by the administrator and bring same back into the succession, on which property the mover claims a mortgage.

The rule is opposed by Lorraine S. Frierson, claiming to be the judgment creditor of the purchaser at the succession sale.

The facts are set forth in Frierson v. New York Life Ins. Co., 174 La. 1037, 142 So. 256, 258, and are in substance as follows:

The insurance company was the holder of a joint and several (solidary) promissory note

executed by Norman D. Stewart and Clifford L. Stewart, and secured by mortgage on the property in controversy, then belonging in common to Norman D. Stewart and Clifford L. Stewart. This was a first mortgage on the property. Frierson had a similar second mortgage on the same property. Clifford L. Stewart died, and Norman D. Stewart was appointed administrator of his estate. As administrator he offered for sale (April 19, 1924) the half interest in said property belonging to the succession, and at said sale he became individually the adjudicatee of the succession's half interest, being already the owner of the other undivided half interest; but he did not pay the price of adjudication, nor was said adjudication recorded. On December 16, 1930, the insurance company sought to foreclose its mortgage, disregarding the succession sale. On January 14, 1931, Frierson obtained a judgment against Norman D. Stewart for the full amount of the second mortgage note, which judgment was duly recorded.

On the day before the property was to be sold, Frierson brought suit to enjoin the sale and cancel the mortgage so far as it rested on the half interest formerly owned by Clifford L. Stewart, the deceased, claiming that the adjudication thereof to Norman D. Stewart was effective with the result that the insurance company was relegated to the proceeds of sale for its claim and that Frierson's judicial mortgage attached, as a first lien, to the undivided half interest acquired by Norman D. Stewart at the succession sale. In that injunction proceeding the trial judge excluded all evidence tendered by the insurance company to show that the price of adjudication had never been paid and the adjudication never completed; and accordingly maintained the injunction taken out by Frierson. On appeal to this court, the ruling of the trial judge was reversed and the case remanded for further proceedings "consistent with the views herein expressed." The views expressed were as follows: "We see no reason why in law or equity defendant (Insurance Co.) should not be permitted to urge and prove as a defense to the action that the sale on which plaintiff grounds its action is in law and fact no sale at all and therefore cannot be the source of any legal right or obligation." From which it will be seen that the only issue on which the case was remanded to the court below, and the issue on which it is pending there now, is whether the adjudication to Norman D. Stewart of the succession's half interest in the property vested any title in him under the circumstances or left the property still in the succession.

On May 13, 1931, after the judgment of the lower court maintaining the injunction but before the judgment of this court reversing the lower court, and whilst the injunction suit was still pending, the insurance company filed the present rule to set aside the adjudication, basing said rule on the same ground on which it resisted Frierson's injunction proceedings, to wit, on the ground that the price of adjudication had never been paid and the adjudication never completed.

To this rule Frierson filed several objections, of which, however only one need be noticed. Though not so termed in express words, it is nevertheless in effect a plea of lis pendens and reads as follows: "Your respondent (Frierson) further shows that said suit (meaning the injunction suit) when finally

decided will constitute res adjudicata of all the issues herein involved, and that this suit should be delayed pending the final decision of the Supreme Court, in said suit."

In our opinion the plea is well founded. In this rule, as also in the injunction suit, the object of the insurance company is and was to have the property in controversy adjudged to belong to the succession and to be still subject to its mortgage, on the ground that the price of adjudication had never been paid and the adjudication never completed, and the object of Frierson is and was to have the property in controversy adjudged *not* to belong to the succession and *not* to be still subject to the insurance company's mortgage, on the ground that the price of adjudication had been paid and the adjudication completed.

From which it is clear that any final decision in the injunction proceedings will finally dispose of and constitute res judicata in all the issues involved in the present rule.

And since these issues were first presented in the injunction proceedings and only subsequently presented by the rule, it is in the injunction proceedings, and not in the proceedings by rule, that said issues must first be decided. Act No. 62 of 1918.

### Decree.

For the reasons assigned, the judgment appealed from is reversed, and it is now ordered that the rule herein taken by the New York Life Insurance Company be dismissed as in case of nonsuit and at its cost in both courts.

O'NIELL, C. J., absent.