SAMUEL, Judge.
This is a suit for damages allegedly caused by the negligence of the two defendants, a homestead and its agent. The judgment of the trial court maintained exceptions of prescription filed by both of the defendants and dismissed plaintiff’s suit. Plaintiff has appealed.
The record, which consists of the original and supplemental petitions and of admissions made by plaintiff in response to defense interrogatories, reveals the following alleged or admitted facts:
On October 21, 1959 plaintiff became the holder and owner of six promissory notes in the total amount of $15,340.00, secured by second mortgages on six certain lots of ground in the City of New Orleans, and maturing six months from that date. The makers of the notes were the owners of the mortgaged lots on which the defendant homestead then held vendor’s liens and first mortgages. At the time plaintiff acquired the notes he knew of the homestead’s liens and mortgages. He also knew of a Central Appraisal Bureau valuation of the properties, “in excess” of the amount due the homestead, and of the fact that the lots we re the subject of recorded building contracts and performance bonds covering the erection of improvements thereon. The second defendant herein, an inspector for the homestead and an agent for both the homestead and the bonding company, negligently approved the buildings on the lots as being completed, when in fact such buildings were not completed, thereby allowing the contractors to collect in full from the homestead and thus making it impossible for plaintiff, to collect his notes. The acceptances covering all of the building contracts were filed during the months of November and December of 1959.
On or before August 15, 1960, plaintiff made demand upon the defendants for the total amount of the six notes held by him and during that month of August filed foreclosure proceedings on his second mortgages, which proceedings were not prosecuted to a conclusion. The homestead then foreclosed on its liens and first mortgages and on September 8, 1960, by virtue of an order of seizure and sale issued in that foreclosure proceedings, the six lots were sold and adjudicated to the homestead by the Civil Sheriff of the Parish of Orleans. Formal deeds from the sheriff to the homestead were executed under these adjudica *435 tions on November 21, 1960 and December 12, 1960. This suit for $15,340.00 (the total amount of the notes held by plaintiff), with 8% interest thereon and 10% attorney’s fees (both as stipulated in the notes), was filed by the plaintiff on November 6, 1961.
There being no dispute that plaintiff’s claim must lie, if at all, in tort .rather than in contract, Civil Code Articles 3536 and 3537 are controlling. The pertinent portions of these articles read as follows:
“The following actions are also prescribed by one year:
“That for injurious words, whether verbal or written, and that for damages caused by animals, or resulting from offenses or quasi offenses.” LSA-C.C. Art. 3536.
“The prescription mentioned in the preceding article runs:
******
“And in the other cases from that on which the injurious words, disturbance or damage were sustained. * * * ” LSA-C.C. Art. 3537.
When the prescription of one year began to run, which in turn is dependent upon when the damages complained of were sustained, is the sole question presented for our consideration. Plaintiff’s contention is that the damages were not sustained until titles to the lots were transferred to the homestead by the sheriff’s deeds on November 21, 1960 and December 12, 1960.
Since the only damage which could have been suffered by the plaintiff was the alleged devaluation of the properties upon which he held a second mortgage, we find it difficult or impossible to discover any damages suffered by the plaintiff which would give rise to a cause of action against either of the present defendants. However, the question of a cause of action is not before us at this time and, assuming that such a cause does exist, we are of the opinion that the damages of which plaintiff complains were sustained by him not later than the adjudications to the homestead, more than one year prior to the institution of this suit, and are therefore prescribed.
The sheriffs adjudication and sale with which we are here concerned having taken place prior to the effective date of the Code of Civil Procedure (Act 15 of 1960 § 7), our former law is applicable. Under that law a judicial sale was completed by the adjudication, conditional however (as evidenced later by the sheriff’s deed of transfer) upon payment of the purchase price and compliance with such other conditions as the law imposed. Succession of McCausland, La.App., 13 So.2d 508; Capital Building & Loan Ass’n v. Northern Ins. Co. of New York, 166 La. 179, 116 So. 843. But where the adjudication was followed by the required compliance, as by acceptance of title and payment of the purchase price, execution of the sheriff’s deed was considered as reverting back to the moment of the adjudication. As this court said in Heath v. Suburban Building & Loan Ass’n, La.App., 163 So. 546, 548:
“[1] All of the cases cited by counsel for defendant involve situations in which the adjudicatee refused to accept title or to pay the purchase price, and necessarily in each of them the court held that, where the bid price is not paid and there is no consummation of the sale by deed evidencing it, necessarily the adjudication did not have the effect of transferring title. We believe that the proper rule is, as stated in _ Frierson v. New York Life Ins. Co., 174 La. 1037, 142 So. 256, 258, that: ‘The purchaser at a judicial sale acquires such a vested right in the property by the adjudication that it cannot be taken from him unless he refuses to comply with the terms of the sale. But, if the purchaser refuses to comply with the terms, he is considered as never having been the owner, saving to the vendor his right to compel a specific performance of the contract.’
“[2] And we also believe that for all practical purposes, where the adju *436 dication is followed by the acceptance of title and payment of the purchase price, then the execution of the deed may he said to revert back to the moment of adjudication, and that the effect is that the adjudicatee must be considered as having been the owner from the moment of adjudication.”
In the instant case, if plaintiff’s damages were not sustained prior to the date of adjudication, certainly they were sustained on that date. Plaintiff has pointed to no conditions which the adjudicatee was required to meet prior to the issuance of the sheriff’s deed and we know of none. The homestead was not even required to make payment of the purchase price. Its bid obviously was less tiran the amount protected by its vendor’s liens and first mortgages and, under those circumstances, it had a right to withhold the amount of its bid. J. D. Blair & Co. v. Taylor, 25 La Ann. 144; Copes v. Guillebeau, 34 La.Ann. 1032.
Far the reasons assigned, the judgment appealed from is affirmed; costs to be paid by plaintiff-appellant.
Affirmed.