168 So.2d 893 (1964)
Eugene J. COEN, Plaintiff-Appellant,
v.
Dallas J. TOUPS et al., Defendants-Appellees.
No. 10248.
Court of Appeal of Louisiana, Second Circuit.
October 30, 1964.
*894 Coen & Pliner, Shreveport, for appellant.
Wilkinson, Lewis, Woods & Carmody, Shreveport, for appellees.
Before HARDY, GLADNEY and AYRES, JJ.
AYRES, Judge.
This is an action to annul a judicial sale of a described lot and the improvements situated thereon and, in the alternative, to recover damages. From a judgment sustaining an exception of no cause of action, plaintiff appealed.
*895 Plaintiff acquired the ownership of a note executed November 3, 1959, by Frank J. Gamble and Mrs. Annie Lois McCain Gamble, secured by a mortgage on Lot 209 of the Cedar Grove Subdivision of the City of Shreveport. On July 16, 1960, defendant Toups acquired the aforesaid property from the Gambles subject, however, to plaintiff's mortgage. On the note's becoming delinquent, plaintiff instituted an executory proceeding and caused the property mortgaged to be seized and offered for sale without the benefit of appraisement. The sale was held January 22, 1964. Plaintiff opened the bidding by offering $500.00 for the property. Defendant Toups followed with a bid of $750.00. No further bids having been made, the property was adjudicated to the defendant.
Plaintiff alleged that, prior to the sale, he and the defendant, Toups, entered into a discussion wherein defendant was informed that all plaintiff was interested in was payment of his mortgage, the amount of which, plaintiff alleged, defendant agreed to pay; that, after defendant made a bid, plaintiff again asked defendant if he intended to pay the mortgage. On receiving an affirmative reply, plaintiff made no other bid. Other allegations are to the effect that plaintiff, soon after the adjudication of the property to defendant, learned that the defendant had no intention of paying him; whereupon, during the afternoon of the day of the sale, he verbally protested the execution of a deed to defendant pursuant to the adjudication. A written protest was made the next day. The deed, however, was executed and recorded.
The balance allegedly due on plaintiff's note at the time of the sale was $3,844.79, secured by a mortgage on property allegedly worth $7,000.00. Plaintiff's alternative demand for damages in the sum of $3,189.71 is based on the difference in the amount due on the mortgage and the amount which plaintiff would receive out of defendant's bid.
The bases of defendant's exception of no cause of action are that (1) the procésverbal and the sheriff's deed are regular and valid on the face thereof; that their recitals and effect cannot be altered or varied on the basis of alleged or oral statements; (2) the statements charged to the defendant, which were denied, even if true, did not constitute a stifling or chilling of the bids, as no third party was shown to have been influenced thereby; (3) plaintiff, by his own allegations, was a party to and participated in the acts charged to defendant, and is, therefore, estopped and barred from making any complaint; and (4) plaintiff's alternative theories of mistake of law and fact, meeting of minds, inadequacy of price, and unjust enrichment are without factual or legal support.
The procés-verbal of the sale and the sheriff's deed attached to plaintiff's petition are regular and valid on the face thereof. In fact, no contention is made to the contrary. The deed, regular in form, conveys all the interest of the mortgagors in the property to defendant Toups. The price was paid January 23, 1964, the day following the date of the sale. The deed was recorded and the clerk authorized to cancel the mortgage.
A general rule, well established in the jurisprudence, is that judicial sales are presumed to be regular and valid, and, as a consequence of which, the sheriff's deed constitutes prima-facie evidence and full proof of the validity of the sale until rebutted. Vinton Oil & Sulphur Co. v. Gray, 135 La. 1049, 66 So. 357 (1914); Federal Land Bank v. Scallan, 179 La. 636, 154 So. 632 (1934); Scott v. Gordon, 184 La. 1017, 168 So. 134 (1936); Moody v. Singleton, 113 So.2d 472, La.App., 2d Cir. 1959.
No mistake or irregularity is alleged in the conduct of the sale. The error of which plaintiff complains relates to his failure to continue bidding for the property until the bids were sufficient to pay and discharge *896 his mortgage. Under such a state of facts, an unsuccessful bidder at a sheriff's sale is without cause to complain of the adjudication of the property to another. Plaintiff does not contend that the sale was improperly conducted.
A factual situation, very similar to the instant case, was before the court in Conservative Homestead Ass'n v. Hyman, 175 La. 296, 143 So. 269 (1932). The association, as the holder and owner of notes identified with and secured by a mortgage and vendor's lien upon the property described in its petition, proceeded via executiva to enforce payment. In the sale, a representative of the association, under the mistaken belief that he had entered the highest bid, made no further bid. The property was adjudicated to another who was, in fact, the last and highest bidder for the property. In an action to set the sale aside, the court recognized that the bidder for the association had made an unintentional mistake during the bidding, but the court nevertheless concluded there was no error on the part of the sheriff or the successful bidder, and that, therefore, the sale was valid; that an error of a competing bidder was not a ground for avoiding the adjudication. The court held that it was without power or authority to cancel and annul a solemn contract entered into by the sheriff because of an error committed by a competing bidder. In this connection it was pointed out that
"Contracts in this state are reducible by reason of error of either the law or of the fact, but that error must be on the part of one of the parties to the contract. The Sheriff made no error and was laboring under no error of either the law or fact when he made the adjudication. Wainer was laboring under no error of law or fact, when he made the offer and it was converted into a contract by its acceptance by the Sheriff."
Authorities submitted on errors allegedly committed by the sheriff in the conduct of the sale are without application to the facts of the instant case where, as heretofore observed, no contention is made there was any irregularity in the sale itself.
The rule upon which plaintiff relies under the charge that the bidding was stifled or chilled is likewise without application. This rule is for the benefit of the owner of the property and is intended to assure that the owner will have the advantage of the highest possible bid. The defendant, Toups, was the owner of the property at the time of and prior to the sale, having purchased the same from the mortgagors, as we have pointed out, without assuming any obligation with reference to plaintiff's mortgage, but acquiring the property subject thereto. No contention is made that, by any conduct of defendant, the public generally was influenced not to bid. There is no showing in plaintiff's petition of any agreement or conversation concerning what would be bid, who would bid, or how high the bidding would go, or anything else relative to the conduct of the sale. Nor do we find that the sheriff committed any error by executing the deed pursuant to the adjudication over plaintiff's protest. The sheriff was under a duty to deliver the deed when defendant offered to pay the price of the adjudication.
As was observed in Frierson v. New York Life Ins. Co., 174 La. 1037, 142 So. 256 (1932),
"The purchaser at a judicial sale acquires such a vested right in the property by the adjudication that it cannot be taken from him unless he refuses to comply with the terms of the sale."
Therefore, as defendant paid the amount of his bid, the sheriff was without authority to refuse to deliver a deed to him for the property. The statutory rule is that
"The adjudication transfers to the purchaser all the rights and claims of the judgment debtor as completely as *897 if the judgment debtor had sold the property." LSA-C.C.P. Art. 2371.
Accordingly, the sheriff is required, within five days after the adjudication, to pass an act of sale to the purchaser. However,
"The act of sale adds nothing to the force and effect of the adjudication, but is only intended to afford proof of it." LSA-C.C.P. Art. 2342.
Thus, an adjudication of property in a judicial sale has the effect of transferring to the adjudicatee all the rights and claims which the party in whose hands it was seized had to the property, and, upon payment of the price, the purchaser is invested with title. The sheriff's deed, executed pursuant to the adjudication, merely evidences confirmation of the adjudication. Hite v. Charbonnet, 193 La. 581, 192 So. 64 (1939); Jouet v. Mortimer, 29 La.Ann. 206 (1877); Davis v. Wilcoxen, 5 La.Ann. 583 (1850). After payment of the purchase price, the sheriff is under duty to pass an act of sale to the purchaser pursuant to the adjudication.
Concerning the alternative demand for a money judgment, plaintiff contends defendant agreed to pay the balance due on the mortgage note of Gamble and his wife, and that defendant, having failed to do so, is liable for the balance due on the note, less the amount payable by the sheriff out of defendant's bid. The conversation allegedly held by plaintiff and defendant immediately prior to and during the sale cannot be said to constitute a binding and enforceable contract to pay. In Jones v. Janes, 156 La. 715, 101 So. 116 (1924), an exception of no cause of action was sustained in a suit to enforce a written contract because the terms thereof were vague, indefinite, and uncertain. In reviewing the requirements of a valid contract, the court stated:
"A contract is incomplete unless there be a meeting of the minds of the parties upon the common ground of a mutual understanding of facts and of subject-matter. Not only must the parties understand alike, but their contract must afford a complete expression of this meeting of minds, and leave no material element unexpressed. Offer and assent must coincide, and the result must be a complete obligation."
Thus, it was held that
"`It is essential to a contract that the nature and extent of its obligations be certain. If an agreement is uncertain it is because the offer was uncertain or ambiguous to begin with, for the acceptance is always required to be identical with the offer, or there is no meeting of minds and no agreement.' * * *
"`Every agreement, whether written or oral, is the result of, and springs from, an offer and the acceptance thereof. The offer and the acceptance must have the characteristics of a bargain and must be conventional counterparts.'"
Thus, in order for a contractual relationship to arise between parties, it is essential that there be a meeting of the minds as regards the subject matter, and that the terms of the contract be certain and definite. In this instance, no claim is made that the amount to be paid by defendant was ever mentioned.
Finally, we may observe that plaintiff relies upon an alleged oral agreement by defendant to pay the debt of a third person. In this regard, the provisions of LSA-C.C. Art. 2278 find special application. There it is provided that
"Parol evidence shall not be received:

* * * * * *
"3. To prove any promise to pay the debt of a third person."
Plaintiff pointed out, however, that an exception to this rule is recognized in the jurisprudence where the alleged promissor has a pecuniary interest in the debt. There is no showing that defendant had an interest *898 in protecting the makers of the note. Moreover, under the Deficiency-Judgment Act, LSA-R.S. 13:4106, inasmuch as the property was offered for sale without appraisement, the makers, the principal obligors, would be discharged by the sale of the property.
Defendant's only interest was in the property subject to the mortgage. He had no interest or purpose to obligate himself personally for the payment of the note. Had the defendant so intended, the logical procedure, inasmuch as defendant had already acquired the property subject to the mortgage, would have been to simply pay the note and cancel the mortgage and thereby avoid a judicial sale of the property and the expense incidental thereto. We cannot, therefore, conclude that defendant intended to bind himself to pay Gamble's note or to make Gamble's obligation his own so as to remove it from the application of the parol-evidence rule.
The exception was, in our opinion, properly sustained.
The judgment appealed is therefore affirmed at plaintiff-appellant's cost.
Affirmed.