PLOTKIN, Judge.
Resolution Trust Corporation (RTC) has raised, for the first time on appeal, a peremptory exception of no cause of action, seeking dismissal of a petition for injunc-tive relief filed by Louella Pearl Givens and granted by the trial court. We grant the exception of no cause of action and dismiss the litigation.
This litigation was initiated on June 6, 1989, when Dryades Savings and Loan Association filed a petition for executory process against Givens. The petition alleged that Givens was the maker of two adjustable rate promissory notes, secured by two mortgages, in favor of Dryades, and that Givens had failed to make payment on either note since June of 1988. The petition requested sale of the mortgaged properties, which was ordered by a writ of seizure and sale issued August 31, 1989; the writ amount was $118,381.77. After numerous delays, the properties were sold at sheriff’s sale to Dryades by bid on April 18, 1991 for a total of $84,240, an amount well below the writ amount. Thereafter, by order dated May 3, 1991, RTC was appointed receiver for Dryades.
Because Dryades, the seizing creditor, purchased the properties for a price below its own lien on the property, the purchase price was never transferred to the sheriff, as allowed under the provisions of La. C.C.P. art. 2374. See First National Bank of Commerce v. Watergate, Inc., 343 So.2d 360, 362 (La.App. 4th Cir.1977). However, on May 22, 1991, before the sheriff’s deed evidencing the sale was transferred to Dryades, Givens filed a petition for injunc-tive relief to prohibit the transfer of the deed; the trial court granted the petition. RTC appealed that judgment, then filed a peremptory exception of no cause of action as to the petition for injunctive relief. Givens failed to answer the appeal or to file any opposition to the exception of no cause of action.
RTC argues correctly that Givens had no legal right to injunctive relief because the sheriff’s sale of the property had already been completed before Givens’ petition was filed. La.C.C.P. art. 2342 states as follows:
Within fifteen days after the adjudication, the sheriff shall pass an act of sale to the purchaser, in the manner and form provided by law.
The act of sale adds nothing to the force and effect of the adjudication, but is only intended to afford proof of it.
(Emphasis added.) Under the provisions of the above article, the purchaser of property sold at judicial sale acquires a “vested right” in the property such that it can be taken from him only if he fails to comply with the terms of the sale. Coen v. Toups, 168 So.2d 893, 896 (La.App. 2d Cir.1964), quoting Frierson v. New York Life Ins. Co., 174 La. 1037, 142 So. 256 (1932). Thus, the judicial sale invests the purchaser with “all the rights and claims which the party in whose hands it was seized had to the property.” Coen, 168 So.2d at 897. The sheriff’s deed “merely evidences confirmation of the adjudication.” Id.
Thus, Dryades became the owner of the properties in question at the time its *327 bid for the property was accepted on April 18, 1991; any rights Givens had in the property were terminated at that time. Although owners of property subject to sheriff’s sale are entitled to injunctive relief prior to the adjudication under some circumstances,[1] none of the provisions of the Code of Civil Procedure allow injunctive relief after the sale has been completed. Additionally, the jurisprudence on this issue is clear that once a judicial sale has been completed, an appeal of a judgment denying injunctive relief to arrest the sale is moot. See Savings Bank v. Venture, 452 So.2d 395, 396 (La.App. 3d Cir.1984), writ denied 458 So.2d 487 (La.1984).
Because Givens’ petition for injunc-tive relief was not filed until after the judicial sale had been completed in the instant case, Givens has no right to injunc-tive relief. The peremptory exception of no cause of action filed by RTC is granted and Givens’ petition is dismissed. RTC’s appeal of the trial court judgment granting Givens’ petition for injunctive relief is therefore moot. Each party is to bear his own court costs.
EXCEPTION OF NO CAUSE OF ACTION GRANTED.
SUIT DISMISSED.

. See La.C.C.P. art. 2642 and La.C.C.P. art. 2751.