|,EDWIN A. LOMBARD, Judge.
This appeal is from a trial court judgment rendered on January 16, 2004, denying an application for a preliminary injunction filed by defendant/appellant Ruth Goodman. Appellant seeks to nullify the judicial sale of property sold at public auction. For the reasons that follow, we affirm the judgment of the trial court.

Relevant Facts and Procedural History

Ruth Goodman and Nicholas Foret, a married couple with separate estates, purchased 1723-25 Audubon Street with each owning 50%. The note executed for the purchase of the property, dated January 9, 2003, was paraphed with a mortgage, also dated January 9, 2003. The note contained the Audubon Street address,' but also a marital status addendum stating that both Goodman' and Foret had been married previously and reflected their address to be 1329 Seventh Street, New Orleans. Foret moved out of the marital domicile in April 2003 and quit paying the installments on Audubon Street beginning May 1, 2003. Goodman allegedly became aware of the delinquency during the summer of 2003. Goodman states in her appellate brief that she began negotiations to resolve the default and | asalvage her interest in the property with the agents of holder of the note, Option One Mortgage Corp. (Option One) and its insurer, Reliant Insurance.
On August 18, 2003, plaintiff/appellee Wells Fargo Bank Minnesota, N.A. (Wells Fargo) filed an executory proceeding against Goodman and Foret to foreclose on the property. According to Goodman, the agents of Option One and Reliant did not tell her of the suit during her negotiations with them and she was unaware of the suit. Goodman alleged in an affidavit that she remained unaware of the suit until December 10, 2003.
On September 9, 2003, the trial court ordered the issuance of a writ of seizure and sale, and the writ was issued September 16, 2003. Records of the Civil Sheriff confirm that service attempts were made on October 2, 2003, at the Audubon address, but that Goodman and Foret “[did] not live there”, “no -answer.” On October *494 8, 2003, Wells Fargo moved to appoint an attorney as curator ad hoc for Goodman and Foret, alleging they could not be reached at the address they had provided and that despite diligent efforts the appellants could not be found. Leopold Weill was appointed October 10, 2003. Foret was personally served, through Weill, on October 21, 2003, at 6478 Marshall Foch Street.
The property was sold at sheriffs sale December 11, 2003, to Vortex, L.L.C., for $295,000.00. On January 8, 2004, Goodman filed a petition for nullity because of lack of notice. She also sought a temporary restraining order (“TRO”) and preliminary injunction, seeking to enjoin the sale from being recorded in the public records. The TRO was granted that day.
Goodman stated in the above mentioned affidavit, dated January 14, 2004, that she did not learn about the suit until December 10, 2003, and that Wells Fargo should have known of her correct address on Seventh Street from the information |3m the mortgage, namely the marital addendum. She also stated that she had learned that Leopold Weill had been appointed curator ad hoc to represent her in the foreclosure suit, but that he never contacted her, and that she did not learn he had been appointed until after the sale on December 11, 2003. She stated that she had in fact learned about the foreclosure December 10, 2003, when she found a note in her mailbox from an unidentified person expressing interest in the property which made reference to the sheriffs sale scheduled for the following day. She stated that she contacted the agents at Option One and Reliant on the morning of the sale, that an Option One agent reported that she would investigate and stop the sale if one was scheduled, and that the agent at Reliant told her that the sale had been cancelled because of unspecified title problems. Goodman maintained in her affidavit that because she learned of the sale so shortly before it occurred, she did not have sufficient funds to participate in the auction, nor could she take effective action to block the sale from occurring. The property was sold at sheriffs sale on December 11, 2003.
The trial court denied the preliminary injunction sought by Goodman January 16, 2004. Reasons for judgment stated in pertinent part:
The general rules governing defenses and objections to an executory proceeding are set forth in C.C.P. Articles 2652, 2751, and 2752 and authorize injunctions to enjoin “seizure and sale.” In the case at bar the seizure and sale have already taken place and the property was in fact sold to a third party purchaser. See Dryades Savings and loan[Loan] Assoc. v. Givens, 602 So.2d 325 (La.App. 4 Cir. 1992). The Court recognizes that the Dryades case did not address the effect of La. R.S. 13:4112 and Guillory v. Fonteno[Fontenot], 413 So.2d 328 (La.App. 3 Cir.1982), which authorize an attack on a sale and the issuance of an injunction where that attack is brought before the Sheriff files the deed or process verbal in the conveyance records. However, this Court is compelled to follow the dictates of the Fourth Circuit. Additionally, the Court is not convinced that the plaintiff has a substantial likelihood of success on the merits where plaintiff was aware of the sale prior to the adjudication of the property.
[4On February 3, 2004, the curator filed “Curator’s Note of Evidence” in the record. In that document, he stated that he attempted to locate Foret and Goodman via newspaper advertisements on October 25, 26, and 27, 2003, and conducted an internet search on October 28, 2003, from which he was successful in locating Foret. *495 He spoke with Foret on October 28, 2003 and advised him of the pending foreclosure proceedings. Foret gave him addresses for both parties. He then sent letters and pleadings to Foret and Goodman by certified mail. Exhibits attached to the “Curator’s Note of Evidence” are letters written by Weill October 28, 2003, to Foret at P.O. Box 152787, New Orleans, LA 70175-5287, to Foret at 1323 St. Andrew St., Apt. 2, New Orleans, LA 70130-5182 and to Goodman, 1329 7th Street, New Orleans, Louisiana 70115. The letters specifically stated:
I am an attorney appointed to find you and notify you of the above captioned lawsuit, a copy of which I am enclosing for your reference....
If you wish to contest/ prevent the seizure of the property involved or preserve your rights, it is imperative that you contact an attorney immediately to represent you in this matter as a sheriffs sale of the involved property has been tentatively scheduled for December 11, 2003.
Goodman filed this timely appeal.

Discussion

Appellant raises two assignments of error: (1) The trial court erred in determining, based upon the evidence introduced at trial, that appellant was unlikely to prevail on her claim that the sale was a nullity due to lack of notice; and (2) the trial court erred in holding that post-sale injunctive relief is barred by this court’s decision in Dryades, supra, when the sale at issue is constitutionally defective for lack of notice.
In Dryades, Dryades Savings and Loan Association filed a petition for executory process against Louella Givens. The petition alleged that Givens was the | Rmaker of two adjustable rate promissory notes, secured by two mortgages, in favor of Dryades, and that Givens had failed to make payment on either note. The petition requested sale of the mortgaged properties, which was ordered by a writ of seizure and sale; the writ amount was $118,381.77. After numerous delays, the properties were sold at sheriffs sale to Dryades by bid for a total of $84,240, an amount well below the writ amount. Thereafter, RTC was appointed receiver for Dryades. Because Dryades, the seizing creditor, purchased the properties for a price below its own lien on the property, the purchase price was never transferred to the sheriff, as allowed under the provisions of La.C.C.P. art. 2374. See First National Bank of Commerce v. Watergate, Inc., 343 So.2d 360, 362 (La.App. 4th Cir. 1977). However, before the sheriffs deed evidencing the sale was transferred to Dryades, Givens filed a petition for injunc-tive relief to prohibit the transfer of the deed; the trial court granted the petition. RTC appealed that judgment, then filed a peremptory exception of no cause of action as to the petition for injunctive relief.
This court stated:
RTC argues correctly that Givens had no legal right to injunctive relief because the sheriffs sale of the property had already been completed before Givens’ petition was filed. La.C.C.P. art. 2342 states as follows:
Within fifteen days after the adjudication, the sheriff shall pass an act of sale to the purchaser, in the manner and form provided by law. The act of sale adds nothing to the force and effect of the adjudication, but is only intended to afford proof of it.
(Emphasis added.)
Under the provisions of the above article, the purchaser of property sold at judiciál sale acquires a “vested right” in the property such that it can be taken from him only if he fails to comply with the terms of the sale. Coen v. Toups, 168 So.2d 893, 896 (La.App. 2d Cir.1964), *496 quoting Frierson v. New York Life Ins. Co., 174 La. 1037, 142 So. 256 (1932). Thus, the judicial sale invests the purchaser with “all the rights and claims which the party in | (¡whose hands it was seized had to the property.” Coen, 168 So.2d at 897. The sheriffs deed “merely evidences confirmation of the adjudication.” Id.'
Thus, Dryades became the owner of the properties in question at the time its bid for the property was accepted on April 18, 1991; any rights Givens had in the property were terminated at that time. Although owners of property subject to sheriffs sale are entitled to in-junctive relief prior to the adjudication under some circumstances, [See La. C.C.P. arts. 2642 and 2751] none of the provisions of the Code of Civil Procedure allow injunctive relief after the sale has been completed. Additionally, the jurisprudence on this issue is clear that once a judicial sale has been completed, an appeal of a judgment denying injunc-tive relief to arrest the sale is moot. See Savings Bank v. Venture, 452 So.2d 395, 396 (La.App. 3d Cir.1984), writ denied 458 So.2d 487 (La.1984).
Because Givens’ petition for injunctive relief was not filed until after the judicial sale had been completed in the instant case, Givens has no right to injunc-tive relief. The peremptory exception of no cause of action filed by RTC is granted and Givens’ petition is dismissed. RTC’s appeal of the trial court judgment granting Givens’ petition for injunctive relief is therefore moot.
Dryades, 602 So.2d at 326-327.
Here, because appellant’s petition for injunctive relief was not filed until after the judicial sale had been completed, in accordance with Dryades she has no right to injunctive relief. Moreover, we find that appellant had adequate notice under the circumstances. She clearly had notice of the sale when she began contacting agents of Option One and Reliant but failed to contact the sheriffs office or an attorney and did not file for an injunction prior to the sale. Accordingly, we affirm the judgment of the trial court.
AFFIRMED.