| | | |
|---|---|---|
| **GRAYSTAR MORTGAGE, L.L.C.** | * | **NO. 2023-CA-0263** |
| | * | |
| **VERSUS** | | **COURT OF APPEAL** |
| | * | |
| **GREGORY SWAFFORD AS TRUSTEE FOR THE** | * | **FOURTH CIRCUIT** |
| **GREGORY SWAFFORD FAMILY TRUST** | | **STATE OF LOUISIANA** |
| | * * * * * * * | |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2018-05065, DIVISION "A"
Honorable Ellen M Hazeur, Judge
* * * * * *
**Judge Daniel L. Dysart**
* * * * * *

(Court composed of Judge Daniel L. Dysart, Judge Joy Cossich Lobrano, Judge Rosemary Ledet)

Steven A. Watts
LAW OFFICE OF STEVEN A. WATTS, LLC
3925 N. I-10 Service Road W., Suite 230
Metairie, LA 70002

　　COUNSEL FOR PLAINTIFF/APPELLEE

Gregory Swafford
ATTORNEY AT LAW
8007 Brevard Avenue
New Orleans, LA 70127

　　COUNSEL FOR DEFENDANT/APPELLANT

　　　　　　　　**AFFIRMED**
　　　　　　　**DECEMBER 20, 2023**

*DLD*
*JCL*
*RML*

The facts giving rise to this appeal involve the adjudication and sale by sheriff of a piece of immovable property located at 4734 Franklin Avenue in New Orleans, Louisiana.

On May 22, 2018, Graystar Mortgage, LLC ("Graystar") filed a petition for executory process against Gregory Swafford, as trustee of the Gregory Swafford Family Trust, alleging Mr. Swafford's default under both a promissory note and collateral mortgage.  Graystar obtained an order of seizure and sale from the trial court on May 24, 2018, and a notice of seizure was served on Mr. Swafford on June 24, 2018.  Pursuant to La. C.C.P. art. 2642, Mr. Swafford filed a motion for suspensive appeal, but failed to timely file the security bond.  Thereupon, this Court issued an order converting Mr. Swafford's appeal from suspensive to devolutive.  Mr. Swafford, however, never filed an appellate brief and after prior notice from this Court, his appeal was dismissed as abandoned on August 12, 2019.

1

On July 15, 2019, Mr. Swafford filed a motion for preliminary and permanent injunction, seeking to stop the sheriff's sale scheduled for July 25, 2019. Following a hearing on July 24, 2019, the trial court denied Mr. Swafford's request for preliminary and permanent injunction. On July 25, 2019, the Franklin Avenue property was sold at sheriff's sale to the successful third-party bidder, Max Chandler Perret, acting on behalf of JB 430 Holdings, LLC, for the sales price of $282,100.00.

Mr. Swafford filed a "Petition in Suit to Annul Sheriff Sale" on July 25, 2019. Mr. Swafford later filed a motion for summary judgment. Graystar responded by filing an opposition to Mr. Swafford's motion for summary judgment, together with an exception of no cause of action and an exception of *res judicata*/collateral estoppel/issue preclusion. The trial court maintained Graystar's exception of no cause of action and dismissed Mr. Swafford's nullity petition on March 24, 2021. It is from this judgment that Mr. Swafford now appeals.

On appeal, Mr. Swafford raises the following assignments of error: (1) "[t]he trial court erred when it maintained the exception of no cause of action where there was a claim of lack of authentic evidence as the basis for the nullity and the suit was filed prior to recordation of the Sheriff's deed or process verbal[;]" (2) "[t]he trial court erred when it sustained the exception of no cause of action based upon the fact that the property was adjudicated to a third party at the judicial sale[;]" (3) "[t]he trial court erred when it sustained the exception of no cause of action where the petition stated that there was a lack of authentic evidence of the notice of

2

default attached to the petition for executory process to effect acceleration and proceed executive[;]" (4) "[t]he trial court erred when it sustained the exception of no cause of action where there was a variance between the note and mortgage on the issue of notice of default[;]" and (5) "[t]he trial court committed manifest error and abused its discretion where it sustained the peremptory exception of no cause of action and dismissed the petition with prejudice without providing an opportunity to amend the petition to name an indispensable party."

The peremptory "exception of no cause of action raises a question of law," and a court of appeal reviews the district court's ruling *de novo*. *Ocwen Loan Servicing, LLC v. Porter*, 18-0187, p. 3 (La. App. 4 Cir. 5/23/18), 248 So.3d 491, 495. "The function of the peremptory exception is to have the plaintiff's action declared legally nonexistent, or barred by effect of law, and hence this exception tends to dismiss or defeat the action." La. C.C.P. art. 923.

A peremptory exception of no cause of action calls into question whether the law extends a remedy against a defendant to anyone based upon the factual allegations of a petition. *Mid-S. Plumbing, LLC v. Dev. Consortium-Shelly Arms, LLC,* 12-1731, p. 4 (La. App. 4 Cir. 10/23/13), 126 So.3d 732, 736. An exception of no cause of action tests "the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the pleading." *Green v. Garcia-Victor*, 17-0695, p. 4 (La. App. 4 Cir. 5/16/18), 248 So.3d 449, 453 (quoting *Moreno v, Entergy Corp.*, 10-2281, p. 3 (La. 2/18/11), 62 So.3d 704, 706).

"In deciding an exception of no cause of action a court can consider only the petition, any amendments to the petition, and any documents attached to the petition." *Green*, 17-0695, p. 5, 248 So.3d at 453 (quoting *2400 Canal, LLC v. Bd. of Sup'rs of Louisiana State Univ. Agr. & Mech. Coll.*, 12-0220, p. 7 (La. App. 4 Cir. 11/17/12), 105 So.3d 819, 825. "A court cannot consider assertions of fact referred to by the various counsel in their briefs that are not plead in the petition." *Id.* "The grant of the exception of no cause of action is proper when, assuming all well pleaded factual allegations of the petition and any annexed documents are true, the plaintiff is not entitled to the relief he seeks as a matter of law." *Id.* "[A]ny doubt must be resolved in the plaintiffs' favor." *Id.* The mere conclusions of the plaintiff unsupported by facts do not set forth a cause of action. *Green*, 17-0695, p. 5, 248 So.3d at 453-54 (citing *831 Bartholomew Investments-A, L.L.C. v. Margulis*, 08-0559, p. 10 (La. App. 4 Cir. 9/2/09), 20 So.3d 532, 538).

La. C.C.P. art. 2342, which concerns an act of sale by sheriff, states: "Within fifteen days after the adjudication, the sheriff shall pass an act of sale to the purchaser, in the manner and form provided by law. The act of sale adds nothing to the force and effect of the adjudication, but is only intended to afford proof of it." *See also Dryades Savings & Loan Assoc. v. Givens*, 602 So.2d 325 (La. App. 4th Cir. 1992). La. C.C.P. art. 2371, which deals with the effects of adjudication, provides: "The adjudication transfers to the purchaser all the rights and claims of the judgment debtor as completely as if the judgment debtor had sold the property." La. R.S. 9:3158 states: "This adjudication is the completion of the sale;

4

the purchaser becomes the owner of the article adjudged, and the contract is, from that time subjected to the same rules which govern the ordinary contract of sale."

La. C.C.P. art. 2642 provides: "Defenses and procedural objections to an executory proceeding may be asserted either through an injunction proceeding to arrest the seizure and sale as provided in Articles 2751 through 2754, or a suspensive appeal from the order directing the issuance of the writ of seizure and sale, or both."[1] A limited jurisprudential remedy is available to a party who has not sought an injunction against or suspensive appeal from an order granting the use of executory process. The Louisiana Supreme Court has recognized a post – sale action for nullity under its ruling in *Reed v. Meaux*, 292 So.2d 557 (La. 1973).[2] An action to nullify a sheriff's sale must satisfy two requirements: (1) the foreclosing creditor must be the adjudicatee at the sheriff's sale and must still be in possession of the property sold at the time of the filing of the nullity action; and (2) the defect asserted by the party seeking the nullity must be substantive and go to the fundamental nature of the obligation or its acquisition. *Id.*

In the instant case, the foreclosing creditor, Graystar, was not the adjudicatee at the sheriff's sale and has never been in possession of the Franklin Avenue property. Also, there was no substantive defect asserted by Mr. Swafford. As

---

[1] Mr. Swafford also filed a petition against Graystar and the Orleans Parish Sheriff seeking a TRO and injunctive relief to stop the sheriff from recording the sale of the Franklin Avenue property to a third party, JB 430 Holdings, LLC. The trial court maintained Graystar's exception of *res judicata*. This Court affirmed. *See Gregory Swafford Family Trust v. Graystar Mortgage, LLC*, 21-0200 (La. App. 4 Cir. 3/21/22), 366 So.3d 207.

[2] As noted previously, Mr. Swafford has already sought injunction against an order granting the use of executory process.

such, Mr. Swafford is not entitled to file a lawsuit to nullify the sale of the property.

La. R.S. 13:4112 now provides that an action to annul a judicial sale of immovable property based upon defects in procedure or lack of authentic evidence expires upon recordation of the sheriff's process verbal deed.[3]  Mr. Swafford argues that this statute would now permit an attack on a judicial sale of property made to any party at any time before recordation of the deed.  After the enactment of La. R.S. 13:4112, the Louisiana Supreme Court recognized a defendant's right to file a direct action to annul a judicial sale, but confirmed the *Reed* requirement that this action is limited to factual circumstances where the property remains in the hands of the foreclosing creditor.  *First Guaranty Bank, Hammond Louisiana v. Baton Rouge Petroleum Center, Inc.*, 529 So.2d 834 (La. 1987).  "The debtor may not annul the sale if the property is in the hands of an innocent third person." *Id.* at 840.

In the instant case, Graystar filed suit via executory process seeking to enforce a note and mortgage concerning the Franklin Avenue property owned by Mr. Swafford.  The property was seized and sold at a sheriff's sale to a third party, JB 430 Holdings, LLC.  Thereafter, Mr. Swafford filed a petition to annul after the sheriff's adjudication of the Franklin Avenue property, but before recordation of sheriff's deed.  Mr. Swafford also initially filed a suspensive appeal and a petition for injunctive relief.  The appeal was ultimately abandoned, and the action for

---

[3] Added by Acts 1975, No. 681 §1.

injunctive relief has already been litigated and come to an end.  Mr. Swafford has already exhausted the remedies provided to him by law.

Under the law and the factual circumstances of this case, Mr. Swafford is unable to bring a petition to nullify the sheriff's sale.  There is no exception in this situation.  Mr. Swafford has no cause of action.  Graystar was not the adjudicatee of the Franklin Avenue property and the property is now in the hands of a third-party purchaser.   There is no way under these facts that the adjudication and sale of the property can be undone.  Further, Mr. Swafford cannot amend his petition to state a cause of action.

Accordingly, based on our *de novo* review of the record before this Court, we affirm the trial court's judgment maintaining Graystar's peremptory exception of no cause of action and the dismissal with prejudice of Mr. Swafford's lawsuit.


**AFFIRMED**